IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY LINSTON GILLILAN, :
:
      Plaintiff, :
:
  VS. : Civil Action File No.
: **1:06-CV-77 (WLS)**
Prison Guard RIDALL; Prison Guard JOHNSON, :
and Prison Guard McCLOUD, :
:
      Defendants. :

## RECOMMENDATION AND ORDER

Currently pending in this *pro se* prisoner § 1983 action are several motions. This plaintiff can only be considered to be a recreational filer, as he has filed at least 44 § 1983 actions in this court within the past two years. In this action, plaintiff claims that on May 21, 2004, he was physically assaulted by prison guard Ridall while prison guard Johnson watched, and did nothing to help plaintiff. After the assault, prison guard McCloud refused to let plaintiff receive medical attention. Plaintiff states that his upper-lip required stitches and one tooth was chipped in the assault.

*1. Defendant's Pre-Answer Motion to Dismiss (doc. 19)*

Defendants move for dismissal of this action for plaintiff's failure to file the lawsuit within the applicable statute of limitations. This lawsuit was filed with the Clerk of Court on May 24, 2006, with plaintiff dating his complaint as May 26, 2006 (doc. 2), and his motion to proceed *in forma pauperis* on May 24, 2006 (doc. 1). The events that led to this lawsuit occurred on May 21, 2004.

The statute of limitations for filing an action under 42 U.S.C. § 1983 is determined by state law. Hardin v. Staub , 490 U.S. 536, 538 (1989). Georgia law provides for a statute of limitations of two years. O.C.G.A. § 9-3-33; see Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Therefore, plaintiff had until May 20, 2006, in which to file this lawsuit. It was filed four days late. Plaintiff makes a vague reference to the "mailbox rule," but does not show how he met the requirements thereof.

The Supreme Court held in Houston v. Lack, 487 U.S. 266 (1988), that a notice of appeal by a pro se prisoner is *filed* when it is *delivered* to prison authorities for forwarding to the district court, rather than filing with the clerk of court. The Eleventh Circuit has determined that the Supreme Court's holding in Houston v. Lack, 487 U.S. 266 (1988), extends to pro se prisoners filing complaints in section 1983 cases and claims under the Federal Tort Claims Act. Garvey v. Vaughn, 993 F.2d 776, 783 (11 th Cir.1993). "In these cases, *the date of filing shall be that of delivery to prison officials* of a complaint or other papers destined for district court for the purpose of ascertaining timeliness." Garvey, at 783.

However, in this case, the dates that plaintiff signed the complaint and the affidavit to proceed *in forma pauperis* were both after the expiration of the statute of limitations. There is nothing in the record to suggest any other dates, and plaintiff has not provided anything in support of his conclusory argument that he filed within the limitation period.

Consequently, it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be **GRANTED**, and that this lawsuit be dismissed for failure to file within the applicable statute of limitation. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

2. *Plaintiff's Motion for a Polygraph Test (doc. 25)*

Plaintiff in this motion requests that he and the three defendants all take polygraph tests, and that

2

he be granted a jury trial.

However, in light of the fact that the undersigned has recommended that this action be dismissed for plaintiff's failure to file it within the applicable statute of limitations as more fully explained above, it is the ORDER of the undersigned that this motion be **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 19th day of July, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd